**WILLIAMS**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 92–02269.

Decided Aug. 6, 1993.

*Lewis Williams, Jr., pro se.*

*Lee Fisher,* Attorney General, and *Sally Ann Walters,* Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

On June 29, 1993, this action came on for trial on the sole issue of liability at the Southern Ohio Correctional Facility ("SOCF"). Plaintiff, Lewis Williams, Jr., is a death row inmate in the custody and control of defendant, Ohio Department of Rehabilitation and Correction, pursuant to R.C. 5120.16. The court, having considered the totality of evidence, renders the following decision.

The facts presented at trial proved that from October 15–29, 1991, plaintiff was placed on disciplinary control ("DC") status and assigned to an "isolation slammer cell" in the J2 cell block at SOCF as a result of a Class II Rule 19 violation. Thereafter, plaintiff was placed on administrative control ("AC") status and remained assigned and housed in the same "isolation slammer cell" in the J2 cell block for an additional two hundred ten days.

The gravamen of plaintiff's complaint is that defendant was negligent in failing to release him from the "isolation slammer cell" upon the expiration of his disciplinary control sentence on October 29, 1991. Plaintiff maintains that defendant had a duty to release him from the "isolation slammer cell" pursuant to the Ohio Administrative Code.

Plaintiff's cause of action is one sounding in negligence. In a claim predicated on negligence, the plaintiff bears the burden of proving by a preponderance of the evidence that defendant breached a duty owed to him and this breach proximately caused his injury. *Strother v. Hutchinson* (1981), 67 Ohio St.3d 282, 21 O.O.2d 177, 423 N.E.2d 467.

Initially, the court finds that defendant did not violate any administrative regulations by placing plaintiff in the "isolation slammer cell" while on AC status. The court further finds that even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence. *Kirwin v. Adjutant Gen.* (1992), Ct. of Cl. No. 90–09860, unreported. The court must review the applicable standard of care in deciding whether defendant's conduct was negligent.

The classification of prisoners and their placement are administrative functions which are due great deference. *Bell v. Wolfish* (1979), 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447. This court will not interfere with prison officials' decision on where an inmate is placed within the institution.

Furthermore, defendant's decision to change plaintiff's security status while not changing his cell assignment is one involving "the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70, 14 OBR 506, 508, 471 N.E.2d 776, 778. No liability can attach to a decision involving a high degree of official discretion.

Plaintiff further alleges that defendant was negligent by failing to protect him from an alleged assault which occurred on February 3, 1991, by inmate James Lee Paxson, a.k.a. Maharathah Karmasu. Plaintiff asserts that the assault was a result of defendant's inducing inmate Paxson to believe that the most troublesome inmates would be transferred from SOCF.

Absolutely no evidence was produced at trial to lead this court to conclude that defendant induced the alleged assault on plaintiff. Moreover, inmate Paxson testified that he did not do anything to plaintiff because of any belief that he might be transferred. The altercation between plaintiff and inmate Paxson was not induced by defendant.

Therefore, the only issue remaining before the court is whether defendant failed to protect plaintiff from the alleged assault. When one inmate assaults another inmate, plaintiff must prove that defendant had notice of the assailant's intent to harm the plaintiff and that defendant negligently failed to prevent the injury. *Baker v. State* (1986), 28 Ohio App.3d 99, 28 OBR 142, 502

**4**

N.E.2d 261. The court finds that defendant had no notice that the altercation would occur. Therefore, defendant did not breach its duty to protect plaintiff.

In view of the above, the court concludes that plaintiff failed to prove by a preponderance of the evidence that there is any actionable negligence for which defendant is liable. Accordingly, the court hereby renders final judgment for the defendant.

*Judgment for defendant.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.