[Cite as *Wilson v. Allen Correctional Inst.*, 2009-Ohio-7191.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TIMOTHY W. WILSON

    Plaintiff

    v.

ALLEN CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-06966-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) During April 2009, plaintiff, Timothy W. Wilson, an inmate incarcerated at defendant, Allen Correctional Institution (ACI), placed an order with a charitable group for food purchases as part of a fund raising activity. The food purchase order totaled $18.50. A flyer (copy submitted) advertising a fund raising event for September 2009 contained the disclaimer noting any inmates who were housed in security control (sc), disciplinary control (dc), or local control (lc) before or after placing an order would not be subject to receive their food purchase or be eligible to receive a refund. The actual disclaimer language on the flyer stated:

{¶ 2} "[T]hose inmates going to SC/DC/LC or MASP before or after an order is placed will not receive their order and will not be issued a refund. Any inmate that is out of the Institution due to being AWL at the time of delivery will have his funds returned to his account."

{¶ 3} This disclaimer provided full notice to inmates in reference to certain

conditions occurring where they would be ineligible to either receive a food purchase or a refund. Although the submitted flyer was for a different fundraiser, defendant implied the flyer disclaimer language is representative of all fundraiser flyers including the April 2009 event.

**{¶ 4}** 2) Plaintiff recalled he voluntarily placed himself in a segregation unit on April 27, 2009 "out of fear for my personal safety." While housed in segregation, plaintiff requested his food purchase authorization be nullified and he receive a refund of any funds withdrawn from his inmate account. On May 11, 2009, $18.50 was withdrawn from plaintiff's inmate account to pay for his food purchase order. Plaintiff neither received the food purchase nor were any funds restored to his account. Consequently, plaintiff filed this complaint seeking to recover damages of $18.50, the amount withdrawn from his inmate account to pay for the food order he did not receive. The $25.00 filing fee was paid and plaintiff requested reimbursement of that amount along with his damage claim.

**{¶ 5}** 3) Defendant acknowledged plaintiff placed a food order and his inmate account was charged $18.50 for food he ultimately did not receive. Defendant related "[t]he flyer for the fundraiser clearly stated no refunds would be given for inmates in segregation" and since plaintiff was voluntarily housed in segregation at the time he was ineligible to receive a food delivery or a refund. Defendant explained plaintiff had notice of the conditions of the fundraiser and voluntarily choose to make himself ineligible to receive his food order or a refund of funds paid.

**{¶ 6}** 4) Plaintiff filed a response asserting ACI staff in the cashier's office breached a fiduciary duty owed to him by not providing a refund for purchases made

and not delivered.   Plaintiff further asserted there is no rule under the Ohio Administrative Code authorizing defendant to withdraw funds from his inmate account after he requested his authorization to withdraw funds be voided.   Plaintiff pointed out the fundraiser flyer submitted by defendant "does not come from the fundraiser concerned in this instant complaint, but rather from a fundraiser that happened 5 months later."   Plaintiff argued "the language contained in the provided flyer has been (substantially) altered to change the scope and meaning of the word refund, as it pertains to these organized fundraisers."   Plaintiff did not provide a copy of the April 2009 fundraiser flyer.   Plaintiff did not dispute the fact that the same disclaimer language contained on the September 2009 flyer did not appear on the April 2009 flyer. Plaintiff stated "[i]f [d]efendant would have honored [p]laintiff's legitimate request for a (cancellation) a refund would not be necessary."

CONCLUSIONS OF LAW

**{¶ 7}**   1)   Prison regulations contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates."   *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482,

115 S. Ct. 2293, 132 L. Ed. 2d 418.   Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182.  Accordingly, to the extent that plaintiff alleges that employees of defendant have failed to comply with internal regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 8}  2)    Alternatively, considering defendant's acts could be construed as a wrongful collection of plaintiff's funds, plaintiff could still not prevail.  Plaintiff is seeking to recover funds he asserted were wrongfully withheld; the funds sought for recovery represent a claim for equitable relief and not money damages.  Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity based on the wrongful collection of funds from an inmate account.  See *Flanagan v. Ohio Victims of Crime Fund*, Ct. of Cl. No. 2003-01893-AD, 2004-Ohio-1842; also *Blake v. Ohio Attorney General's Office*, Ct. of Cl. No. 2004-06089-AD, 2004-Ohio-5420; and *Johnson v. Trumbull Corr. Inst.*, Ct. of Cl. No. 2004-08375-AD, jud, 2005-Ohio-1241; *Norman v. Ohio Dept. of Rehab. and Corr.* (2008), Ct. of  Cl. No. 2007-09283-AD.

{¶ 9}  3)    Plaintiff's claim is denied regarding the issue of a refund for the purchase price of the food.  When plaintiff purchased the food he agreed to the terms and conditions of purchase which required his physical presence to accept delivery.  Plaintiff's lack of knowledge of the conditions for delivery is irrelevant to the issue of liability.  Plaintiff failed to satisfy the condition of the purchase and has consequently waived the right to any refund of payment or receipt of the products purchased.  See

Case No. 2006-03532-AD          - 5 -          MEMORANDUM DECISION

*Bradsher v. Ohio Department of Rehabilitation and Correction*, Ct. of Cl. No. 2003-04627-AD, 2003-Ohio-4490; *Thomas v. Warren Correctional Inst.*, Ct. of Cl. No. 2005-07224-AD, 2005-Ohio-6586; *Price v. Dept. of Rehab. and Corr.*, Ct. of Cl. No. 2006-01017-AD, 2006-Ohio-7158; *Hampton v. Chillicothe Correctional Inst.*, Ct. of Cl. No. 2008-05419-AD, 2008-Ohio-7126; *Conway v. Ohio State Penitentiary*, Ct. of Cl. No. 2008-07161-AD, 2009-Ohio-2414.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TIMOTHY W. WILSON

      Plaintiff

      v.

ALLEN CORRECTIONAL INSTITUTION

      Defendant

      Case No. 2009-06966-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

                        _____
                        DANIEL R. BORCHERT
                        Deputy Clerk

Entry cc:

Case No. 2006-03532-AD        - 7 -        MEMORANDUM DECISION

Timothy W. Wilson, #257-911        Gregory C. Trout, Chief Counsel
P.O. Box 4501        Department of Rehabilitation
Lima, Ohio 45802        and Correction
       770 West Broad Street
       Columbus, Ohio 43222

RDK/laa
12/11
Filed 12/23/09
Sent to S.C. reporter 4/16/10