[Cite as *Ritchie v. Lebanon Correctional Inst.*, 2010-Ohio-4026.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MIKE RITCHIE

     Plaintiff

     v.

Case No. 2009-07008-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

LEBANON CORRECTIONAL INST.

     Defendant

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Mike Ritchie, an inmate incarcerated at defendant, Lebanon Correctional Institution (LeCI) asserted his television set was confiscated on or about December 23, 2008, by LeCI Officer Stiehl. Plaintiff further asserted LeCI staff subsequently destroyed the television set without any authorization. Plaintiff explained he purchased a television set in June 2002 while incarcerated at the Ross Correctional Institution (RCI). Plaintiff submitted documentation showing a Zenith television set was purchased on June 22, 2002 from an approved vendor and shipped to RCI on July 3, 2002. The purchase price of the television set was $199.97, plus $4.00 for shipping costs. Plaintiff filed this claim seeking to recover $300.00, the stated replacement cost of a new television set. Payment of the filing fee was waived.

{¶ 2} 2) Defendant denied liability in this matter contending that all actions on the part of LeCI personnel in regard to confiscating a television set from plaintiff were appropriate. Defendant acknowledged a television set was confiscated from plaintiff on December 23, 2008 and the confiscated item was subsequently destroyed. Defendant submitted documentation showing a Zenith television set serial #PR10170503 was

confiscated from plaintiff by LeCI employee, R. Stiehl. It was determined the serial number of the confiscated television set did not match the serial number of the television set plaintiff purchased while incarcerated at RCI (serial #GT23EJ0906). Plaintiff was issued a "Conduct Report" and charged with institutional rule violations including possession of contraband. Plaintiff pled guilty to possession of contraband and the confiscated television was destroyed due to the fact the proper titled owner could not be located.

{¶ 3} 3) A response was filed on plaintiff's behalf pointing out plaintiff was the proper owner of the destroyed television set. An explanation was offered concerning the discrepancies in the serial numbers. It was asserted that the original title plaintiff received for a Zenith television set while incarcerated at RCI reflected serial #GT23EJ0906 and then when plaintiff arrived at LeCI he was issued a second title for a Zenith television set designated by a new serial #PR10170503. Furthermore, it was pointed out that the "Hearing Officers Report" (copy submitted) compiled at the time plaintiff pled guilty to a violation of "Rule 51-Possession of Contraband," the following notation was recorded: "return tv is titled to inmate ritchie." The "Hearing Officers Report" bears two dates, December 24, 2008 and December 26, 2008. According to the LeCI "Contraband Log" (copy submitted by defendant) the confiscated television set was destroyed on December 30, 2008.

CONCLUSIONS OF LAW

{¶ 4} 1) The standard measure of damages for personal property is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 5} 2) Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182.

**{¶ 6}** 3)    It has been previously held, an inmate plaintiff may recover the value of confiscated contraband property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction.  *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358.

**{¶ 7}** 4)    Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership.  *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD.  Defendant cannot be held liable for contraband property that plaintiff has no right to possess.  *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

**{¶ 8}** 5)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court does not find plaintiff's assertions particular persuasive in regard to the contention that he was the proper owner of the confiscated television set.

**{¶ 9}** 6)    The trier of fact, in the instant action, finds the confiscated property item was not owned by plaintiff.  Therefore, plaintiff may not recover damages associated with the loss of property he did not own.  See *Mumm v. Ohio Dept. of Rehab. and Corr., et al.*, Ct. of Cl. No. 2004-04574-AD, 2004-Ohio-5134.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MIKE RITCHIE

Plaintiff

v.

LEBANON CORRECTIONAL INST.

Defendant

Case No. 2009-07008-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Mike Ritchie, #239-539                  Gregory C. Trout, Chief Counsel
P.O. Box 56                             Department of Rehabilitation
Lebanon, Ohio 45036                     and Correction
                                        770 West Broad Street
                                        Columbus, Ohio 43222

RDK/laa
3/30
Filed 4/23/10
Sent to S.C. reporter 8/26/10