[Cite as *Yeager v. Richland Correctional Inst.*, 2010-Ohio-6670.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDRE M. YEAGER

Plaintiff

v.

RICHLAND CORRECTIONAL INSTITUTION

Defendant

Case No. 2010-05099-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Andre Yeager, a former inmate incarcerated at defendant, Richland Correctional Institution (RiCI), filed this action alleging his personal property was confiscated by RiCI staff on November 25, 2008 and subsequently destroyed as contraband without obtaining proper authorization to carry out the destruction. Plaintiff claimed defendant's personnel violated internal regulations when charging him with possession of contraband and disposing of the declared contraband items. Plaintiff seeks damages in the amount of $310.32, the stated replacement value of the confiscated property which included clothing, books, personal hygiene items, food products, and other sundry items. The filing fee was paid.

{¶ 2} 2) Attached with his complaint, plaintiff submitted a copy of a "Conduct Report" he was issued on November 25, 2008 incident to RiCI staff confiscating his property. According to information in the "Conduct Report," the property was confiscated due to the fact plaintiff possessed excessive items which did not comply with defendant's internal restrictions regarding volume limitations (2.4 cubic feet). Also submitted with his complaint was a "Contraband Control Slip" plaintiff was issued when

his property was confiscated on November 25, 2008. Confiscated property items listed on this "Contraband Control Slip" include the following: five boxer shorts, one towel, two socks, one set of headphones, one bowl, one rice, two sweat pants, two wash cloths, four t-shirts, and two books.

{¶ 3} 3) Plaintiff submitted a copy of a "Disposition of Grievance" dated January 16, 2009, in which the RiCI Inspector denied plaintiff's grievance regarding the confiscation and disposition of his property. According to information contained in this "Disposition of Grievance," plaintiff was afforded the option to either authorize the mailing of the confiscated property to an outside address or have the confiscated property destroyed. Furthermore, it was noted that plaintiff made no decision concerning the disposition of the confiscated items. Plaintiff also submitted a copy of his grievance appeal dated February 9, 2009 in which defendant's Chief Inspector found plaintiff was given the opportunity to either mail out the confiscated items or have the items destroyed when the charges in his November 25, 2008 "Conduct Report" were heard. The Chief Inspector found plaintiff "refused to give an answer as to what you wanted to do with it (confiscated property)." Plaintiff specifically denied charges in the "Conduct Report" he was issued were ever heard by defendant's "Rules Infraction Board (RIB)." Plaintiff asserted the confiscated property was subsequently destroyed by RiCI staff without obtaining proper authorization.

{¶ 4} 4) Defendant acknowledged five under shorts, one towel, four t-shirts, 1 set of headphones, one bowl, one rice, two sweat pants, two wash cloths, two books, and two socks were confiscated from plaintiff's possession on or about November 25, 2008 by RiCI staff. Defendant also acknowledged the confiscated property items were subsequently destroyed three months later. Defendant asserted plaintiff was afforded an opportunity to authorize the mailing of the confiscated property, but refused to make any choice in regard to the disposition of the confiscated property. Defendant argued plaintiff cannot maintain an action for the value of the destroyed property since the property was declared contraband and therefore plaintiff had no right to possess contraband. Defendant pointed out plaintiff claimed RiCI staff confiscated other property not listed on the "Contraband Control Slip." This property claimed consisted mostly of food products and personal hygiene items. Defendant stated, "Plaintiff has failed to provide verification of legitimate ownership to the property claimed to be

confiscated." In regard to the known confiscated property, defendant contended RiCI staff acted properly and in accordance with internal policy when hearing the charges against plaintiff contained in the November 25, 2008 "Conduct Report." Defendant explained the "Conduct Report" was heard by RiCI employee, Sergeant Burkhart after being issued by RiCI employee, Correctional Officer Rose. Defendant further explained that although the "Conduct Report" was referred to RIB for disposition, it was not processed through RIB. Defendant pointed out the "Conduct Report," after being heard by Sergeant Burkhart, was affirmed by RIB with no participation by plaintiff. Defendant offered that plaintiff refused to participate in the initial hearing of the charges before Sergeant Burkhart. Defendant asserted Sergeant Burkhart acted appropriately in conducting proceedings on the "Conduct Report" ex parte since plaintiff refused to participate. Defendant did not provide any documentation produced by Sergeant Burkhart in regard to any hearing officer report. Defendant did not produce any documents showing plaintiff was afforded an opportunity to mail out the confiscated property. Defendant did not produce a statement from Burkhart.

{¶ 5} 5) Plaintiff filed a response insisting he was not given an opportunity to participate in the hearing of the "Conduct Report" by sergeant Burkhart. Plaintiff again asserted defendant failed to follow internal regulations when hearing the "Conduct Report." Plaintiff maintained Sergeant Burkhart under defendant's administrative regulations was prohibited from providing any disposition in reference to the charges in the "Conduct Report." Furthermore, plaintiff argued defendant failed to follow proper procedure when destroying the confiscated property. Plaintiff claimed he was never given an opportunity to mail the confiscated property and also claimed the confiscated items were destroyed three days after the confiscation occurred. Plaintiff advised defendant failed to follow internal regulations when destroying the confiscated property by not obtaining a forfeiture order prior to carrying out the destruction of the declared contraband. Plaintiff contended that since defendant did not have proper authority to destroy the confiscated items, liability has consequently, been established. Plaintiff produced evidence to establish defendant confiscated five under shorts, one towels, four t-shirts, one set of headphones, one bowl, one rice, two socks, two sweat pants, two wash cloths, and two books from his possession on November 25, 2008. Plaintiff did not produce any evidence other than his own assertion to prove any additional

property was confiscated by defendant on November 25, 2008.

CONCLUSIONS OF LAW

**{¶ 6}** 1)     This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 7}** 2)     Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 8}** 3)     Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 9}** 4)     Prison regulations, including those contained in the Ohio Administrative Code, are "primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates.  *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 419.  Additionally, this court held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court.  A breach of internal regulations in itself does not constitute negligence."  *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182.  Accordingly, to the extent plaintiff alleges that RiCI staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

**{¶ 10}** 5)     Plaintiff's failure to prove delivery of claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.  Plaintiff has failed to prove defendant exercised control over any property not listed on the "Contraband Control Slip" (dated November 25, 2008).

**{¶ 11}** 6)     Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property.  *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj.

overruled, 2005-Ohio-5068.

{¶ 12} 7)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 13} 8)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court finds plaintiff's assertions persuasive regarding the failure of defendant to provide him an opportunity to mail out the known confiscated property.  The court does not find defendant's assertions persuasive in regard to the contention plaintiff was given an opportunity to mail out the items contained on the "Contraband Control Slip."

{¶ 14} 9)    It has been previously held an inmate plaintiff may recover the value of confiscated contraband property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction.  *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358.  In the instant claim, plaintiff has proven his confiscated property (listed on the November 25, 2008 "Contraband Control Slip") was destroyed by RiCI staff without authorization and consequently, defendant is liable for the destroyed property.

{¶ 15} 10)  The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 16} 11)  As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 17} 12)  Damage assessment is a matter within the function of the trier of fact.

*Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

**{¶ 18}** 13)   Plaintiff has suffered damages in the amount of $125.00.

**{¶ 19}** 14)   The $25.00 filing fee may be reimbursed as compensable costs pursuant to R.C. 2335.19.   See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


ANDRE M. YEAGER

Plaintiff

v.

RICHLAND CORRECTIONAL INSTITUTION

Defendant

Case No. 2010-05099-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE
DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $150.00, which includes the filing fee.   Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Andre M. Yeager
1334 Elwood
East Cleveland, Ohio  44112

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
11/3
Filed 11/23/10
Sent to S.C. reporter 2/18/11