[Cite as *Spencer v. Trumbull Correctional*, 2011-Ohio-1110.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CLEVELAND SPENCER

     Plaintiff

     v.

TRUMBULL CORRECTIONAL

     Defendant

     Case No. 2010-08098-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Cleveland Spencer, a former inmate at defendant, Trumbull Correctional Institution (TCI), filed this action alleging several items of his personal property were lost on or after June 21, 2009 as a proximate cause of negligence on the part of TCI staff. Plaintiff related he was transferred from the TCI general population to a segregation unit on June 21, 2009 for an institutional rule violation. Plaintiff's personal property was inventoried, packed, and delivered into the custody of TCI personnel incident to this transfer. Plaintiff advised he was subsequently permitted to examine his property stored in the TCI property vault and discovered multiple items he had possessed when arriving at TCI were missing. Plaintiff claimed his television set, radio/CD player, headphones, one sweat shirt, two pairs of sweat pants, two pairs of gym shoes, ten CDs, two pairs of gym shorts, a fan, and one adapter were among the property items he discovered had not been packed and stored. According to plaintiff, all the above mentioned items were stored in his cell at the time he was transferred to segregation. In his complaint, plaintiff requested damage recovery in the amount of $770.86, the stated total value of the alleged missing property. Payment of the filing fee

was waived.

**{¶ 2}** 2)    Plaintiff submitted documentation showing that on or about October 18, 2006, he purchased a television set for $109.97, a radio/CD player for $47.97, a set of headphones for $14.69, a pair of sweat pants for $15.97, and a sweat shirt for $14.97.  With his complaint, plaintiff attached an "Inmate Property Record - Disposition and Receipt (inventory) dated June 17, 2009 listing all property plaintiff possessed at that time.  This inventory compiled incident to plaintiff's transfer from the Southern Ohio Correctional Facility (SOCF) to TCI lists the following items relevant to this claim:  one television set, one radio/CD player, one set of headphones, ten CDs, one pair of gym shoes, one pair of sports shoes, two pairs of sweat pants, one sweat shirt, one adapter, one fan, and two pairs of gym shorts.  All property claimed as missing by plaintiff is listed on the June 17, 2009 inventory compiled at TCI.  Plaintiff also submitted a copy of his June 21, 2009 property inventory compiled incident to his transfer to a segregation unit at TCI.  This inventory lists a television set, radio/CD player, and headphones.  The inventory does not list any shoes, gym shorts, sweat shirt, sweat pants, CDs, adapter, or fan.

**{¶ 3}** 3)    Defendant submitted a copy of an "Inmate property Theft/Loss Report (theft report) dated July 8, 2009 and compiled after plaintiff reported the theft of his property, which included a sweat shirt, sweat pants, gym shorts, ten CDs, and two pairs of shoes.  According to information in the theft report, no action was taken by TCI staff to attempt to recover any items plaintiff claimed were stolen.  In his complaint, plaintiff advised he "made another complaint about more property being missing within the time I was transfer(red) to the Trumbull County Jail."  It is unclear to the trier of fact the nature and extent of the property loss claimed by plaintiff incident to his transfer from TCI to the Trumbull County Jail.

**{¶ 4}** 4)    Defendant denied liability in this matter contending plaintiff failed to offer any evidence to establish any of his property was lost or stolen as a result of any breach of any duty of care owed on the part of TCI personnel in regard to inmate property protection.  Defendant specifically denied ever exercising control over many items plaintiff claimed.  Defendant asserted plaintiff failed to prove any of his property was lost or stolen as a proximate cause of negligence on the part of TCI staff.

**{¶ 5}** 5)    Plaintiff filed a response noting defendant violated internal policy

when packing his property on June 21, 2009. Plaintiff related he informed TCI staff his "T.V. and other property was missing."

CONCLUSIONS OF LAW

**{¶ 1}** 1)   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 2}** 2)   "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 3}** 3)   Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 4}** 4)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 5}** 5)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 6}** 6)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 7}** 7)   Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418.

Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent plaintiff alleges that TCI staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 8} 8)   Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove defendant actually exercised control over shoes, gym shorts, sweat pants, a sweat shirt, CDs, adapter, and a fan incident to the June 21, 2009 transfer.

{¶ 9} 9)   Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 10} 10)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 11} 11)   The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 12} 12)   Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 13} 13)   Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 14} 14) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. All items plaintiff claimed as stolen were indistinguishable and consequently, defendant had no duty to search for the reported stolen property.

{¶ 15} 15) Plaintiff has failed to show an causal connection between the loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 16} 16) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen or lost as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CLEVELAND SPENCER

Plaintiff

v.

TRUMBULL CORRECTIONAL

Defendant

Case No. 2010-08098-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Cleveland Spencer, #692-046
Bellamy Creek Corr. Fac.
1727 West Bluewater Highway
Ionia, Michigan  48846

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
12/7
Filed 1/7/11
Sent to S.C. reporter 3/4/11