[Cite as *Alderson v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2889.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE A. ALDERSON

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2010-09451-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) On December 7, 2009, employees of defendant, Department of Rehabilitation and Correction (DRC), conducted a shakedown search at the Pickaway Correctional Institution (PCI), a DRC facility. Plaintiff, Lee A. Alderson, an inmate incarcerated at PCI, stated that several items of his personal property were stolen after DRC staff failed to ensure his property was secure at the conclusion of the shakedown search. Specifically, plaintiff asserted that a lock, one bag of coffee, eight bags of popcorn, twelve beef soups, three chili with beans, one sausage, one bagel, one cappuccino, two cupcakes, eleven beef & cheese stix, three beef stix, one creme cookie, one bottle cheddar cheese, two espresso coffees, and several CD's were missing from his property.

{¶ 2} 2) Plaintiff further alleged defendant failed to follow its own internal policies and procedures with regard to the grievances he has filed. Consequently, plaintiff filed this complaint seeking to recover $204.29, the stated replacement cost for his missing property. The $25.00 filing fee was paid and plaintiff requested

reimbursement of that cost along with his damage claim.

**{¶ 3}** 3)   Defendant denied liability and contended that plaintiff failed to offer any evidence to prove that DRC personnel acted negligently during the December 7, 2009 shakedown search at PCI.   Defendant maintained plaintiff's property was not confiscated as contraband and suggested that plaintiff's missing items may "have been misplaced, stolen, traded, or gambled away" by plaintiff.   Defendant further asserted plaintiff did not produce any evidence to establish any of his property items were lost or stolen while under the control of PCI staff.

**{¶ 4}** 4)   Plaintiff filed a response arguing that he was not allowed to remain in his cell during the shakedown and that therefore, DRC staff assumed responsibility for his property at the time he was ordered to leave the area.   Secondly, plaintiff contended that defendant failed to comply with the administrative rules for shakedown searches and grievance procedures.

## CONCLUSIONS OF LAW

**{¶ 5}** 1)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 6}** 2)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 3)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 8}** 4)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 9}** 5)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.   If his evidence furnishes a basis for only a guess, among different issues, as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.*

(1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 10} 6)  Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 11} 7)  The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  In the instant action, the trier of fact finds that the statements of plaintiff are not particularly persuasive.

{¶ 12} 8)  Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 13} 9)  In addition, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182.  Accordingly, to the extent that plaintiff alleges that DRC somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.  See *Sharp v. Dep't of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5.

{¶ 14} 10)  Plaintiff has failed to prove, by a preponderance of the evidence, that he sustained any loss as a result of any negligence on the part of defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE A. ALDERSON

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2010-09451-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Lee Alderson, #558-101
P.O. Box 209
11781 St. Rt. 762
Orient, Ohio  43146

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
3/18

Filed 3/25/11
Sent to S.C. reporter 6/9/11