[Cite as *White v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-2842.]

| | |
|---|---|
| QUAN JALIL WHITE | Case No. 2019-01013AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

## FINDINGS OF FACT

{¶1} Quan Jalil White ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff related on July 1, 2019, he was placed in segregation while housed at defendant's Warren Correctional Institution ("WCI"). Plaintiff alleges that he informed the guard transferring him that he needed an ADA compliant cell, but the guard did not place him in an ADA compliant cell. Plaintiff states that as a result of this placement he fell in his cell while attempting to use the toilet and suffered from a concussion. Plaintiff also alleges another violation of the ADA from an incident that occurred on July 4, 2019, when he claims he was denied access to an ADA compliant shower. Plaintiff seeks damages in the amount of $10,000.00 for his concussion, emotional distress, continuing head and neck pain, and sleep issues. Plaintiff was not required to submit the $25.00 filing fee.

{¶2} Defendant submitted an Investigation Report denying liability in this matter. Defendant confirms that plaintiff was placed in restrictive housing on July 1, 2019. Defendant states that plaintiff was initially placed in a non-ADA compliant cell until other inmates were moved out of the ADA compliant cell and the guard could confirm plaintiff's qualifications for an ADA accommodation. Defendant avers that this is its normal procedure. The institution's records confirm that plaintiff was moved to an ADA compliant segregation cell on the same day that he was moved into restrictive

housing.  Defendant submitted plaintiff's medical records stemming from this incident. These records show that plaintiff was taken to medical on July 1, 2019, at 12:43PM where a nurse examined him for signs of a possible fall and symptoms of a concussion. The nurse conducted a neurological exam and plaintiff responded normally.  The nurse did not observe any signs that the plaintiff had fallen.  Plaintiff rested in medical and was given water and ibuprofen.  Plaintiff was instructed to return to medical if he vomited or if his symptoms worsened.  Defendant's medical records show that plaintiff returned to medical at 2:15PM on the same day because he vomited.  At that time, the nurse examined him again and saw no changes from the previous examination.  Plaintiff was prescribed Tylenol three times per day for three days.  Defendant contends that plaintiff's claim is not an ADA claim but rather a complaint about the conditions of plaintiff's confinement and that this court does not have jurisdiction.  To the extent plaintiff asserts a medical negligence claim, defendant denies liability.

{¶3}    Plaintiff submitted a response to defendant's investigation report.  Plaintiff requested leave from the court to obtain video from the prison from July 1, 2019 and July 4, 2019.  Plaintiff requested various medical records from the institution.  Further, plaintiff states that he does not wish to bring a negligence claim against defendant. Plaintiff also cites a ODRC policy about inappropriate supervision.

CONCLUSIONS OF LAW

{¶4}    "To prove a violation of Title II of the ADA, a plaintiff must establish that: (1) he or she is a qualified individual with a disability; (2) the defendant is subject to the ADA; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability."  *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-346, 2011-Ohio-6825, ¶ 16, citing *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App. 3d 114, 2011-Ohio-2048, 958 N.E.2d 1253 (10th Dist.); See also *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 209-10, 118 S. Ct. 1952,

141 L. Ed. 2d 215 (1998) (Title II of the ADA applies to state prisons and prisoners, and prisons cannot use an inmate's disability as a reason to bar that inmate from participating in or receiving the benefits of recreation, medical services, or education and vocational programs.). A defendant discriminates against a qualified individual with a disability if it denies him or her a reasonable accommodation. *Wolfe* at ¶ 16.

{¶5} The first requirement of the ADA is that plaintiff must be a qualified individual with a disability. "Under the ADA, a 'qualified individual with a disability' is 'an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.' Further, a 'disability' is 'a physical or mental impairment that substantially limits one or more major life activities' of the individual. 'Major life activities include, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.'" (Citation omitted.) *Franks* at ¶ 19, quoting 42 U.S.C. 12131(2), 42 U.S.C. 12102(1)(A), 42 U.S.C. 12102(2)(A).

{¶6} Further, "[s]everal factors should be considered in determining whether an impairment 'substantially limits' a major life activity: (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact, or the expected permanent or long term impact of, or resulting from, the impairment." *Jurczak v. J & R Schugel Trucking Co.*, 10th Dist. No. 03AP-451, 2003-Ohio-7039, ¶ 23.

{¶7} Here, plaintiff did not provide any evidence that he is a qualified individual with a disability. Plaintiff did not identify in his complaint or his response to defendant's investigation report what disability he has or how that impacts his daily life and major life activities.

{¶8}   The second requirement of the ADA is for plaintiff to present evidence that he was denied the opportunity to participate in or benefit from a service, program, or activity or was otherwise discriminated against by defendant because of his disability. Plaintiff's complaint was that he was not placed in an ADA segregation cell and that he was not allowed to have an ADA shower; plaintiff has not identified a service, program, or activity that he was denied the opportunity to participate in or benefit from or provided evidence that he was otherwise discriminated against.

{¶9}   Plaintiff has not met the burden of proof to sustain his ADA claim.

{¶10} In addition, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479, 1997-Ohio-139, 683 N.E.2d 1139, citing *Sandlin v. Conner* 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).  Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court.  A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.*, 67 Ohio Misc.2d 1, 3, 643 N.E.2d 1182 (10th Dist. 1993).  Accordingly, to the extent that plaintiff alleges that ODRC somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.  See *Sharp v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2008- 02410-AD, 2008-Ohio-7064, ¶ 5.

{¶11} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill*, 176 Ohio St. 61, 197 N.E.2d 548 (1964).  The court finds plaintiff's statement not particularly persuasive.

{¶12} Pursuant to Rule 7(E) of the Local Rules of the Court of Claims, "Discovery procedures shall not be initiated in administrative determinations without the

permission of the clerk." Upon review of plaintiff's request for discovery in his response to defendant's investigation report, the court notes that plaintiff did not seek the permission of the clerk when filing his motion. And, in light of this decision, the court finds that discovery is not warranted in this case. Accordingly, plaintiff's motion shall be DENIED.

{¶13} Further, concerning plaintiff's access to his medical records, "R.C. 5120.21(C)(2) places limitations on an inmate's access to medical records." *Nicely v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-187, 2009-Ohio-4386, ¶ 8. "R.C. 5120.21(C)(2) states that the inmate's medical records shall be available for review on two conditions. One is that the inmate make a signed written request for the records, and the other is that his request be accompanied by a written request of an attorney or physician designated by the inmate." *Goings v. Dept. of Rehab. & Corr.*, 10th Dist. No. 90AP-1041, 1991 Ohio App. LEXIS 2527 (May 28, 1991). There is no indication that plaintiff has made a written request for his medical records accompanied by a written request of an attorney or physician. Therefore, plaintiff is not entitled to a copy of his medical records.

{¶14} Therefore, judgment is rendered in favor of defendant.

| | |
|---|---|
| QUAN JALIL WHITE | Case No. 2019-01013AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶15} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Filed 3/26/20
Sent to S.C. reporter 5/7/20