[Cite as *Nolde v. Lebanon Correctional Inst.*, 2010-Ohio-5457.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS NOLDE

    Plaintiff

    v.

LEBANON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-02812-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Thomas Nolde, an inmate incarcerated at defendant, Lebanon Correctional Institution (LeCI), alleged a radio, fan, and clock were stolen from his cell housing unit on June 30, 2009, at a time when he and his cellmate, David Brady, were away from the cellblock. Plaintiff recalled he and Brady left the cell (1-B-16) at approximately 7:15 a.m. on June 30, 2009 to go to work. Plaintiff further recalled he "secured" the cell door when he and Brady left and requested that the LeCI officer on duty, Askew "to deadlock our door." Plaintiff pointed out that when he returned from work at approximately 10:10 a.m. he discovered property items were missing from his cell. Plaintiff recorded the cell door was locked when he and Brady returned, yet at some time during their absence property stored in the cell had been stolen. Plaintiff suggested Officer Askew had unlocked the cell door thereby facilitating the theft of his property. Plaintiff asserted no LeCI staff conducted any search for his fan, radio, and clock after he reported the theft. Plaintiff contended his property was stolen and unrecovered as a proximate cause of negligence on the part of LeCI personnel in

unlocking his cell door and failing to conduct a proper search for the reported stolen items. Consequently, plaintiff filed this complaint seeking to recover $85.94, the total replacement cost of the property claimed. Payment of the filing fee was waived.

{¶ 2} 2) Plaintiff submitted a written statement from a fellow inmate, Dale (Dean) Barnett 579-143, who is housed in the same cellblock as plaintiff and Brady. Barnett wrote "on numerous occasions I have observed C/O Askew opening all the doors in the block when it is called to chow, even the doors that are to be deadlocked." Barnett also noted "I have had inmates ask me to make sure that their door is locked when the block is called to chow because they do not trust C/O Askew to deadlock their door."

{¶ 3} 3) Plaintiff submitted an additional written statement from his cellmate, David Brady, who reported a request was made to Officer Askew on June 30, 2009 to deadlock the cell door of cell 1-B-16. Brady indicated the request was made both verbally and in writing. Brady also indicated the cell door of 1-B-16 was secured on June 30, 2009 before he and plaintiff went to work and upon returning to the cellblock at 10:10 a.m., "we found that our cell had been opened and some items were missing." Brady noted "C/O Askew has a habit of not deadlocking cell doors and opening all cell doors when the block is called to chow which is after we go to work."

{¶ 4} 4) Plaintiff submitted a copy of an "Inmate Property/Theft Report" (Theft Report) that was filed incident to his reporting the theft. According to information contained in the Theft Report, LeCI employee Officer Steel "conducted several cell searches" after 10:05 a.m. on June 30, 2009. Officer A. Baker, the LeCI employee who compiled the Theft Report, recorded Officer Askew "denied letting anyone into the cell, except for Brady who was there."

{¶ 5} 5) Defendant denied liability in this matter contending plaintiff "offered no specific proof regarding his allegations that the corrections officer let another inmate into his cell." Defendant advised that the LeCI employees on duty were interviewed and they denied opening the cell door at 1-B-16. The employees on duty were identified as Officer Imfield and Officer Askew. Defendant did not submit any statements from either Officer Imfield or Officer Askew. Defendant referenced a "report from LeCI Inspector of Institutional Services" regarding the instant action (copy submitted). According to information in the report, "Officer Imfield stated he did deadlock Inmate's Nolde's cell

door and did not see it open until Inmate Nolde and his cellmate returned." Additionally, the inspector, Dan Hudson, noted in the report that "Officer Askew stated she did not open the cell door for anyone other than Inmate Nolde and his cellmate." Defendant argued that plaintiff failed to prove his cell door was unlocked by any LeCI employee, thereby facilitating a theft. Defendant denied the cell door was opened by any LeCI staff.

{¶ 6}  6)    Plaintiff filed a response insisting his cell door was improperly opened by defendant's employee; an act that allowed an unidentified individual access to the property stored inside. Plaintiff acknowledged he can offer no specific proof his cell door was opened by defendant's employee. Plaintiff contended defendant failed to conduct a proper investigation after the theft was reported.

CONCLUSIONS OF LAW

{¶ 7}  1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 8}  2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 9}  3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 10}  4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 11}  5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 12}** 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 13}** 7)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive as well as the assertions of Dale (Dean) Barnett #579-143 and David Brady.

**{¶ 14}** 8)    The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty or ordinary or reasonable care. *Williams*.

**{¶ 15}** 9)    Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 16}** 10)  Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

**{¶ 17}** 11)  However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

**{¶ 18}** 12)  Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

**{¶ 19}** 13)  However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that

defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.

{¶ 20} 14) Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶ 21} 15) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS NOLDE

Plaintiff

v.

LEBANON CORRECTIONAL INSTITUTION

Defendant

Case No. 2010-02812-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Thomas Nolde, #404-985          Gregory C. Trout, Chief Counsel
3791 State Route #63            Department of Rehabilitation
Lebanon, Ohio  45036-0056       and Correction
                                770 West Broad Street
                                Columbus, Ohio  43222

RDK/laa
6/14
Filed 7/14/10
Sent to S.C. reporter 11/5/10