[Cite as *Francis v. Mansfield Corr. Inst.*, 2011-Ohio-3758.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALAN FRANCIS

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-10041-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} Plaintiff, Alan Francis, an inmate incarcerated at defendant, Mansfield Correctional Institution (ManCI), alleged his locker box was stolen from his cell housing unit on September 2, 2009, at a time when he and his cellmate were away from the unit. Plaintiff recalled he left the cell (#239, Pod 1, D) at approximately 1:15 p.m. on September 2, 2009, to go to a medical appointment. Plaintiff further recalled his cellmate was at work in the Ohio Penal Industries Building and did not return until after 3:00 p.m. Plaintiff related he locked the cell door and then went back and double-checked the door was "secure." Plaintiff pointed out that when he returned from the medical appointment at approximately 1:55 p.m. he discovered the cell door was open and his locker box was missing. According to plaintiff, the cell door was locked when he left and at some time during his absence property stored in the cell had been stolen. Plaintiff suggested defendant's corrections officers (CO) should have noticed the unlocked cell door and prevented the theft or accosted the offender in the act. Plaintiff asserted ManCI staff conducted a search of the nearest five cells on either side of his

cell after he reported the theft. Plaintiff submitted copies of his grievance forms for an earlier incident wherein plaintiff explained that prior to the theft ManCI had instituted a strict policy such that cell doors were to remain locked and COs were required to check all doors every thirty minutes. Thus, plaintiff contended his property was stolen and unrecovered as a proximate cause of negligence on the part of ManCI personnel both in failing to follow internal policy by checking the cell door while he was away for over thirty minutes and in failing to conduct a proper search for the reported stolen items. Finally, plaintiff contended that defendant failed to comply with the administrative rules for grievance procedures. Consequently, plaintiff filed this complaint seeking to recover $ 167.41, the total replacement cost of the property claimed. Payment of the filing fee was waived.

**{¶ 2}** Defendant denied liability in this matter contending plaintiff "offered no specific proof that the items were lost as a result of neglect on part of the staff." Defendant advised that the ManCI employees on duty were interviewed and they denied opening the cell door for another inmate other than plaintiff's cellmate. The employees also confirmed they conducted a search for plaintiff's locker box. Defendant argued that plaintiff failed to prove his cell door was unlocked by any ManCI employee, thereby facilitating a theft. Defendant noted plaintiff had complained his cellmate had left the door open on prior occasions.

**{¶ 3}** Plaintiff filed a response insisting his cell door was improperly opened by defendant's employee; an act that allowed an unidentified individual access to the property stored inside. Plaintiff contended his cellmate could not have been responsible for the cell door being opened in that he was at work and did not return until well after the theft occurred. In addition, plaintiff asserted defendant fabricated a report from a CO and intentionally ignored his grievances in an effort to deprive him of evidence to support this claim.

CONCLUSIONS OF LAW

**{¶ 4}** In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company*, Inc., 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8, 788 N.E.2d 1088 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, 798 N.E.2d 1121, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 8}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 9}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 10}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive.

**{¶ 11}** The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty or ordinary or reasonable care. *Williams.*

**{¶ 12}** Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 13} Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶ 14} However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶ 15} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 16} However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.

{¶ 17} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶ 18} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property  was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088, *Brady v. Lebanon Correction Inst.*, Ct. of Cl. No. 2010-01743-AD, 2010-Ohio-5456.

{¶ 19} Moreover, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio

Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182.  Accordingly, to the extent that plaintiff alleges that ManCI staff somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.  See *Sharp v. Dept of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALAN FRANCIS

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-10041-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Alan Francis, #562-142
P.O. Box 788
Mansfield, Ohio  44901

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
3/24
Filed 4/13/11
Sent to S.C. reporter 7/29/11