[Cite as *Huddleson v. Lebanon Corr. Inst.*, 2011-Ohio-3957.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STANLEY RAY HUDDLESON

    Plaintiff

    v.

LEBANON CORR. INST.

    Defendant

    Case No. 2010-12371-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1}  Plaintiff, Stanley Huddleson, an inmate formerly incarcerated at defendant, Lebanon Correctional Institution (LeCI), alleged most of his personal property was stolen from his cell housing unit on August 25, 2010, at a time when he was away from the unit. Plaintiff recalled he left the cell (#3j34) at approximately 2:15 p.m. on August 25, 2010, to seek mental health treatment. Plaintiff further recalled that he did not have a cellmate at the time in that his former cellmate had moved to another area earlier the same day. Plaintiff related he locked the cell door and that when he was seen by the mental health team, they placed him on a twenty-four hour "close watch." According to plaintiff, he was not permitted to return to his cell or to be present during the pack-up of his property. Plaintiff pointed out that when he was released from close watch on August 26, 2010, at approximately 5:30 p.m., he discovered that most of his property was missing. Plaintiff insisted he locked his cell door before he left the unit. Plaintiff alleged the cell door was opened by LeCI staff some time after the 4:00 p.m. count and his property was stolen by other inmates prior to his property being packed and stored.

Plaintiff suggested defendant's corrections officers (COs) were negligent in that they should have deadlocked the cell door and thus prevented the door from being opened.

{¶ 2} In addition, plaintiff related that a camera was located near his cell door and that had the tape been reviewed, LeCI staff should have been able to verify a theft occurred and to identify the offenders. Plaintiff submitted copies of his grievance forms and a copy of the August 25, 2010 inmate property record (inventory). Plaintiff filed this complaint seeking to recover $478.37, the total replacement cost of the property claimed. The filing fee was paid.

{¶ 3} Defendant denied liability in this matter contending plaintiff "offered no specific proof regarding his allegations that the corrections officer let another inmate into his cell." Defendant maintained that the COs were interviewed and that Sergeant McDaniel, "after receiving Plaintiff's theft/loss report, stated that he reviewed the recorded video and that 'he did not observe any inmate go in or out of [Plaintiff]'s cell.' Additionally, both officers who were on duty at the time of the alleged incident deny opening Plaintiff's cell door or using the electronic door panel to open any doors after the 4:00 p.m. count." Further, defendant asserted that "the officer who packed up Plaintiff's belongings, which Plaintiff claims occurred after his property was stolen, stated that the cell door was locked when he went in." Defendant argued that plaintiff failed to prove his cell door was unlocked by any LeCI employee or that the items were lost as a result of neglect on part of the staff. Finally, defendant pointed out that plaintiff failed to prove he owned or possessed all of the property he claimed as missing.

{¶ 4} Plaintiff filed a response essentially reiterating the allegations contained in his complaint. Plaintiff insisted that COs improperly opened his cell door and were responsible for facilitating the theft of his property. Plaintiff asserted he possessed all of the claimed missing property at the time he left his cell to seek mental health treatment and that all of such property was locked in his cell before he left the area. Plaintiff contended his cellmate could not have been responsible for the cell door being opened in that he had transferred to another cell earlier that same day. In addition, plaintiff asserted defendant intentionally delayed responding to his grievances in an effort to thwart his attempts to provide evidence in support of this claim.

{¶ 5} On April 20, 2011, plaintiff submitted a letter requesting appointment of counsel. However, no statutory provision allows plaintiff to have representation of

counsel in a civil matter.  Plaintiff's request is denied and will not be addressed further.

CONCLUSIONS OF LAW

**{¶ 6}** In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company*, Inc., 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 7}** "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 8}** Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 9}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 10}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 11}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 12}** Plaintiff's failure to prove delivery of his claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 13}** Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property.

*Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 14} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive.

{¶ 15} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 16} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 17} Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶ 18} However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶ 19} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 20} However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.

{¶ 21} Plaintiff has failed to prove, by a preponderance of the evidence, that

defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶ 22} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property  was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088, *Brady v. Lebanon Correction Inst.*, Ct. of Cl. No. 2010-01743-AD, 2010-Ohio-5456.

{¶ 23} Moreover, prison regulations, including those contained in the Ohio Administrative Code, "'are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates.' *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418.  Additionally, this court has held that 'even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence.' *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182." *Sharp v. Dept of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5.  Accordingly, to the extent plaintiff alleges that LeCI staff may have violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STANLEY RAY HUDDLESON

    Plaintiff

    v.

LEBANON CORR. INST.

    Defendant

    Case No. 2010-12371-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Stanley Ray Huddleson, #476-821
5787 State Route 63
P.O. Box 120
Lebanon, Ohio 45036

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
4/14
Filed 5/5/11
Sent to S.C. reporter 8/10/11