[Cite as *Palmer v. London Corr. Inst.*, 2011-Ohio-6982.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JERAD PALMER

    Plaintiff

    v.

LONDON CORRECTIONAL INST.

    Defendant

Case No. 2011-08351-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1} Plaintiff, Jerad Palmer, an inmate incarcerated at defendant, London Correctional Institution (LoCI), alleged that while he was away from his cell, another inmate placed a shank under his bed and a note regarding the weapon on the desk of Corrections Officer (CO) Rohrer. Plaintiff further alleged that CO Rohrer left his post, found the weapon, and then left the unit unattended while he located and detained plaintiff. Plaintiff estimated that Rohrer was gone from the unit for approximately five minutes and that Rohrer's absence facilitated the theft of his property by other unidentified inmates. Plaintiff listed the stolen property as one Skyworth flat screen TV, one RCA remote control, one video cable, one pair of Nike shoes, one pair of blue jam shorts, three pair of boxers, one sweat bottom and one top, two thermal bottoms and one top, two towels, two pair of socks, one blue blanket, three t-shirts, one pair of black sandals, one set of Koss headphones, and one pair of brown gloves. Plaintiff contended his property was stolen as a proximate result of negligence on the part of LoCI personnel. Consequently, plaintiff filed this complaint seeking to recover $391.79, the total replacement cost of the property claimed. The filing fee was paid.

{¶2} Defendant denied liability in this matter contending plaintiff failed to prove

his loss was caused by any negligence on the part of LoCl staff. Defendant specifically denied that the CO left "his post in the housing unit without first being properly relieved by another correctional officer." The LoCl institutional inspector, DeCarlo Blackwell, compiled a report of the incident and noted that video evidence established that the "Shift Captain Office (SCO) had Officer Roher properly relieved prior to him leaving his post and escorting Inmate Palmer to the SCO." Blackwell also confirmed that the inmate who placed the shank in plaintiff's bunk area was identified "because he looked into the camera after placing the kite on the officer's desk. Video could not reveal the inmates who stole Inmate Palmer's property."

{¶3} Plaintiff filed a response insisting that he complied with all administrative procedures and contended that defendant should reimburse him for the value of his stolen property. In addition, plaintiff implied that defendant lost, misplaced, or unreasonably delayed in responding to his theft/loss reports and grievances.

CONCLUSIONS OF LAW

{¶4} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company*, Inc., 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8, 788 N.E.2d 1088 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶5} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, 798 N.E.2d 1121, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶6} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶7} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶8} Plaintiff has the burden of proving, by a preponderance of the evidence,

that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶9} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶10} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive.

{¶11} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶12} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD. However, in the instant claim, plaintiff has failed to prove defendant was negligent or that CO Rohrer abandoned his post in the housing unit. Therefore, no liability shall attach to defendant as a result of any theft based on this contention.

{¶13} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088, *Brady v. Lebanon Correction Inst.*, Ct. of Cl. No. 2010-01743-AD, 2010-Ohio-5456.

{¶14} Moreover, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418.

Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that LoCI staff somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief. See *Sharp v. Dept of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JERAD PALMER

    Plaintiff

    v.

LONDON CORRECTIONAL INST.

    Defendant

Case No. 2011-08351-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jerad Palmer, #639-292
1580 St. Rt. 56
London, Ohio 43140

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

9/15
Filed 9/29/11
Sent to S.C. reporter 2/6/12