[Cite as *Strange v. Lebanon Corr. Inst.*, 2011-Ohio-3853.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MR. WILLIAM F. STRANGE

    Plaintiff

    V.

LEBANON CORRECTIONAL INSTITUTION

    Defendant

   Case No. 2010-09922-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} Plaintiff, William F. Strange, an inmate incarcerated at defendant, Lebanon Correctional Institution (LeCI), filed this action alleging that several items of his personal property were lost or stolen on June 8, 2009 as a proximate cause of negligence on the part of LeCI staff. Plaintiff related that he was transferred from the LeCI general population to a segregation unit on June 8, 2009 for an undisclosed reason. Plaintiff's personal property was inventoried, packed, and delivered into the custody of LeCI personnel incident to this transfer. Plaintiff claimed that his beard trimmers, belt, sweat shirt, sweat pants, two bath towels, wash cloths, socks, handkerchiefs, fan, razors, toothpaste, deodorant, and five soups, were missing and had not been packed. Plaintiff submitted a copy of his property inventory compiled on June 8, 2009 by LeCI personnel. This inventory does bear plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property." Moreover, plaintiff signed

the same inventory sheet on June 23, 2009, verifying that all of the property listed on the inventory had been returned to him.

{¶ 2} Plaintiff also submitted contraband slips prepared June 9, 2009, listing items to be mailed out of the institution at plaintiff's expense. Items relevant to this claim include one sweat shirt, one towel, seven pair of socks, three handkerchiefs, and one deodorant.

{¶ 3} In his complaint, plaintiff alleged that the missing property was stolen from his cell prior to his belongings being packed up and that defendant unreasonably delayed packing his property incident to the transfer. Plaintiff requested damage recovery in the amount of $124.42, the stated total value of the alleged missing property. Payment of the filing fee was waived.

{¶ 4} Defendant denied liability in this matter contending that plaintiff failed to offer any evidence to establish that any of his property was lost or stolen as a result of any breach of any duty of care owed on the part of LeCI personnel in regard to inmate property protection. Defendant specifically denied ever exercising control over many items plaintiff claimed. Defendant asserted that plaintiff failed to prove any of his property was lost or stolen as a proximate cause of negligence on the part of LeCI staff.

{¶ 5} Plaintiff filed a response noting that defendant violated internal policy when packing his property on June 8, 2009, and during the subsequent grievance process.

CONCLUSIONS OF LAW

{¶ 6} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 7} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 8} Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property.

*Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive regarding his claims of property loss.

{¶ 13} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent plaintiff alleges that LeCI staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 14} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj.

overruled, 2005-Ohio-5068. Plaintiff failed to prove that defendant actually exercised control over his alleged missing property incident to the June 8, 2009 transfer.

{¶ 15} Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 16} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 17} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show that defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 18} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 19} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 20} However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. All items plaintiff claimed as stolen were indistinguishable and consequently, defendant had no duty to search for the reported stolen property.

{¶ 21} Plaintiff has failed to show an causal connection between the loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-

04236-AD, 2003-Ohio-3615.

{¶ 22} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or lost as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MR. WILLIAM F. STRANGE

    Plaintiff

    v.

LEBANON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-09922-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                        _____
                        MILES C. DURFEY
                        Clerk

Entry cc:

Mr. William F. Strange, #538-634
3791 State Route #63
P.O. Box 56
Lebanon, Ohio 45036-0056

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
3/30

Filed 4/21/11
Sent to S.C. reporter 8/5/11