[Cite as *Konoff v. Allen Corr. Inst.*, 2011-Ohio-3858.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RODNEY L. KONOFF

    Plaintiff

    v.

ALLEN CORR. INST.

    Defendant

   Case No. 2010-11692-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} On June17, 2010, employees of defendant, Department of Rehabilitation and Correction (DRC), conducted a shakedown search at the Allen Correctional Institution (ACI), a DRC facility. Plaintiff, Rodney Konoff, an inmate incarcerated at ACI, stated that he was transported to segregation after contraband was found near his bunk. Plaintiff contended his personal property was stolen after he was transferred to segregation and before defendant's personnel packed his property. Plaintiff pointed out DRC staff failed to ensure his locker box was placed in a secure area once he was removed from the general population, thus his property was left unsecured in his living area for a period of approximately two hours while he remained in segregation. According to plaintiff, he was released from segregation within a few hours after DRC staff determined that the contraband did not belong to him. Plaintiff asserted that when he returned to his housing area, he noticed his lock had been broken off his locker box and all of his stored property had been stolen by other inmates. Plaintiff contended his

property items were stolen as a proximate cause of negligence on the part of defendant in unreasonably delaying the pack-up of his property and thereby facilitating theft attempts.

{¶ 2} Plaintiff further alleged defendant failed to follow its own internal policies and procedures with regard to protecting his property and conducting a search once the theft was reported. Consequently, plaintiff filed this complaint seeking to recover $323.00, the stated replacement cost for his missing property plus $10.00 for "the costs and expenses of this litigation."[1] The $25.00 filing fee was paid and plaintiff also included reimbursement of that cost as part of his damage claim.

{¶ 3} Defendant denied liability and contended that plaintiff failed to offer any evidence to prove that DRC personnel acted negligently during the June 17, 2010 shakedown search at ACI. Defendant maintained plaintiff's property was locked in his locker box and left on his bunk which is the usual practice in a dormitory-style housing unit. Defendant contended any duty to protect plaintiff's property was discharged when plaintiff was supplied with a locker box to secure his property. Defendant further asserted plaintiff did not produce any evidence to establish any of his property items were lost or stolen while under the control of ACI staff.

{¶ 4} Plaintiff filed a response arguing that once he was removed from the bunk area, DRC staff assumed responsibility for his property. Secondly, plaintiff contended that defendant failed to comply with the administrative rules for securing and storing property of inmates who are taken into custody.

CONCLUSIONS OF LAW

{¶ 5} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 6} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held

---

[1] Expenses of this type, including postage and copying costs are not compensable in a claim of this type. The request to include these expenses in the damage claim is denied and shall not be further addressed.

that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 8} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 9} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 10} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 11} The allegation that a theft occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 12} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 13} The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 14} Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶ 15} In the instant claim, plaintiff has failed to show defendant negligently or

intentionally failed to secure plaintiff's property during the two-hour time period between his transfer to and release from segregation. In addition, plaintiff failed to prove any unreasonable delay in packing his property resulted in the theft of his property. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Elam v. Richland Correctional Institution*, Ct. of Cl. No. 2008-11231-AD, 2009-Ohio-4276.

{¶ 16} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive.

{¶ 17} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 18} However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the bulk of plaintiff's property items claimed were indistinguishable and, therefore, no duty to search arose.

{¶ 19} Plaintiff has failed to prove, by a preponderance of the evidence, his property items were stolen and unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 20} In addition, prison regulations, including those contained in the Ohio Administrative Code, "'are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates.' *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that 'even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does

not constitute negligence.' *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182." *Sharp v. Dep't of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5. Accordingly, to the extent that plaintiff alleges that DRC somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RODNEY L. KONOFF

    Plaintiff

    v.

ALLEN CORR. INST.

    Defendant

    Case No. 2010-11692-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Rodney L. Konoff, #A223-017
2338 N. West Street
P.O. Box 4501
Lima, Ohio  45802-4501

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
4/7
Filed 4/25/11
Sent to S.C. reporter 8/5/11