[Cite as *Hill v. Warren Corr. Inst.*, 2011-Ohio-5120.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDRE HILL

    Plaintiff

    v.

WARREN CORRECTION INSTITUTION

    Defendant

    Case No. 2011-03383-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} Plaintiff, Andre Hill, an inmate formerly incarcerated at defendant, Warren Correctional Institution (WCI), filed this action alleging that several items of his personal property were lost or stolen in May 2009 as a proximate result of negligence on the part of WCI staff. Plaintiff related that he was subject to a random cell search by Corrections Officer (CO) Mengle who allegedly confiscated plaintiff's radio, television set, and other items, because plaintiff had been placed under sanctions and therefore was not permitted to possess those items. According to plaintiff, the items were placed in the "officer's corridor vault" and they were then to be sent to the main institutional vault. Plaintiff stated he received his television set approximately three days later and that once he was off all sanctions, he sought the return of the remainder of his confiscated property. Plaintiff asserted that the items were never located by any WCI staff despite numerous requests made by plaintiff over several months and that he has been unable to secure the return of his property.

{¶2} Plaintiff listed the following items as missing: a super radio, digital

antenna, fan, and cassette player. Plaintiff requested damage recovery in the amount of $225.00, the stated total value of the alleged missing property. Payment of the filing fee was waived. Along with the complaint, plaintiff submitted a copy of a notice of grievance which was denied on September 9, 2009. The denial form stated, in part, "you stated that your CD player, TV, Fan, Super 3 Radio and antenna were taken by C/O Mengle, because you were on sanctions and should not have had these items in your cell. You also stated that these items were than put in the 2B vault corridor and the only item returned to you was your TV. You further stated that Major Sears acknowledged fault for your property not being returned to you. This Inspector interviewed C/O Mengle and she vehemently denied taking any of your property from your cell. She also stated that if she did take any property from your cell that a conduct report would have also been written. Major Sears stated that he in no way admitted fault for your property missing. Major Sears did state that he did offer a TV to you as a loaner TV. He further stated that you told him you already had a TV. No sufficient evidence exists to support your claim."

{¶3}   Defendant denied liability in this matter contending that plaintiff failed to offer any evidence to establish that any of his property was lost or stolen as a result of any breach of a duty of care owed on the part of WCI personnel in regard to inmate property protection. Defendant specifically denied ever exercising control over any items plaintiff claimed. Defendant asserted that an investigation was completed and that there was no evidence that WCI staff removed plaintiff's property from his cell. Defendant submitted an unsigned copy of a report purportedly prepared by the WCI Institutional Inspector, Mr. McIntosh. The report concluded that plaintiff "has provided insufficient evidence to support his claim of items allegedly being taken from his cell and lost by W.C.I. Staff members. This Inspector interviewed all parties allegedly involved and reviewed all relevant information and found in no way that W.C.I. Staff Members were negligent in any way."

{¶4}   Plaintiff filed a response reiterating the allegations of his complaint and asserting that CO Mengle was also negligent for failing to follow the administrative regulations and defendant's policies after she allegedly confiscated his property. In addition, plaintiff submitted the affidavit of Inmate Calvin Hill who stated that in May 2009, he personally witnessed C/O Mengle take plaintiff's property items from plaintiff's

cell and place them in the officers' vault.

CONCLUSIONS OF LAW

{¶5} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶6} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶7} Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶8} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶10} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶11} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find the assertions of plaintiff or of Inmate Hill particularly persuasive regarding the alleged

confiscated property.

{¶12} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent plaintiff alleges that WCI staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶13} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove that defendant actually exercised control over his alleged missing property incident to the May 2009 shakedown search.

{¶14} Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶15} Plaintiff has failed to show an causal connection between the loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶16} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or lost as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDRE HILL

    Plaintiff

    v.

WARREN CORRECTION INSTITUTION

    Defendant

    Case No. 2011-03383-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Andre Hill, #440-970
P.O. Box 788
1150 North Main Street
Mansfield, Ohio 44901

SJM/laa
6/8
Filed 6/29/11
Sent to S.C. reporter 10/4/11

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222