[Cite as *Brumbaugh v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6975.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SCOTT BRUMBAUGH

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

Case No. 2011-08067-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1}    Plaintiff, Scott Brumbaugh, an inmate incarcerated at defendant, Madison Correctional Institution (MaCI), filed this action alleging that several items of his personal property were lost or stolen on three separate occasions. The first incident occurred when plaintiff was transferred from the MaCI general population to a segregation unit on August 15, 2010. Plaintiff's personal property was packed and delivered into the custody of MaCI staff incident to this transfer. Plaintiff related that Corrections Officer (CO) Wilson "was responsible for my property getting packed up and not letting other inmates steal my property." Plaintiff recalled the second incident occurred on October 21, 2010 when he was again placed in segregation "for my safety" and that when his property was returned to him he "noticed all my art & craft supplies was missing." Then according to plaintiff, on November 16, 2010, an "inmate some how got the co to open my door and broke the padlock off my locker box and stole my MP3 player."

{¶2}    In his complaint, plaintiff listed the following items as missing: one velour

blanket, one RF modulator, two Tetris games, one GPX digital radio, two video cables, one Casio F-28w-1 watch, two thermal tops, two thermal bottoms, six pair of socks, one acrylic blanket, four immersion heaters, two digital TV antennas, one mirror, three blue mesh shorts, two eight-inch fans, one MP3 player, one trimmer, two toenail clippers, one surge protector, and numerous arts and craft supplies. Plaintiff submitted a copy of his property inventory compiled on August 15, 2010, by CO Wilson. This inventory does not bear plaintiff's signature. Items relevant to this claim are limited to two thermal tops, two thermal bottoms, and three pair of shorts.[1] Plaintiff submitted a copy of the August 19, 2010 inventory listing the property items returned to him. This inventory does bear plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property." According to the form, only one pair of shorts was listed and none of the thermal clothing was documented on the form.[2]

{¶3} In reference to the October 21, 2010 incident as described by plaintiff in the complaint, the arts and crafts supplies were subsequently located and returned to plaintiff on December 14, 2010. This is documented in the Disposition of Grievance form completed by the MaCI Institutional Inspector, Jondrea Parrish, a copy of which was filed by plaintiff with his complaint.

{¶4} Along with the complaint, plaintiff submitted a copy of an informal complaint resolution form dated August 31, 2010, which documents that a fan and a handheld game were found in the possession of plaintiff's cell mate and were subsequently returned to plaintiff. A disposition of grievance form dated September 27, 2010, notes that plaintiff's missing typewriter had been located and soon would be returned to him as well. Finally, according to the December 30, 2010 disposition of grievance form, Inspector Parrish investigated the theft of plaintiff's MP3 player and concluded that plaintiff allegations of staff negligence were unfounded. Plaintiff requested damage recovery in the amount of $1,000.00, the stated total value of the alleged missing property. Payment of the filing fee was waived.

---

[1] None of the remaining alleged missing property items are listed on the August 15 pack-up sheet.

[2] Although not listed on the August 15, 2010 pack-up sheet, the following relevant items were listed as returned to plaintiff on August 19, 2010: one watch, six pair of socks, one fan, one beard trimmer, at least one mirror and a reasonable amount of nail clippers and art supplies.

{¶5}   Defendant denied liability in this matter contending that plaintiff failed to offer any evidence to establish that any of his property was lost or stolen as a result of any breach of a duty of care owed on the part of MaCI personnel in regard to inmate property protection.   Defendant asserted that an investigation was completed in reference to each incident and that there was no evidence that MaCI staff removed or permitted the removal of plaintiff's property from his cell.   Defendant submitted a copy of a report prepared by Inspector Parrish.   The report concluded that plaintiff "has not sufficiently established that MaCI is responsible for the theft/losses of the property he is claiming in this case."   In addition, Parrish asserted that "MaCI staff properly addressed this inmate's property concern and security checks of the housing units were properly conducted. * * * Finally, [plaintiff acknowledged] in his last property complaint that his cell door was secured (locked) and that he had a locker box and ability to secure it (lock)."

{¶6}   Plaintiff filed a response reiterating the allegations of his complaint and asserting that the COs routinely violate the administrative rules and regulations.   Plaintiff contends that CO Wilson acted unreasonably in that she delayed for 30 minutes to one hour in packing his belongings after he was transferred to segregation.   Plaintiff also maintains that the MP3 player theft occurred because a substitute CO who was assigned to the unit mistakenly opened plaintiff's cell door and facilitated the theft.

CONCLUSIONS OF LAW

{¶7}   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.   *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8}   "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} Plaintiff may show defendant breached its duty of reasonable care by

providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶10}　In the instant claim, plaintiff has failed to prove any delay in packing his property resulted in any property theft. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Knowlton v. Noble Corr. Inst.*, Ct. of Cl. No. 2005-06678-AD, 2005-Ohio-4328.

{¶11}　Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶12}　This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶13}　Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶14}　Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶15}　The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find the assertions of plaintiff particularly persuasive regarding the August 15, 2010 allegations of alleged lost or stolen property. Indeed, the court is not convinced that on August 15, 2010, plaintiff actually had in his possession all of the items mentioned in the complaint.

{¶16}　Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-

4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove that defendant actually exercised control over and failed to return his alleged missing property incident to the August 15, 2010 transfer, with the exception of two thermal tops, two thermal bottoms, and two pair of shorts.

{¶17}     Plaintiff's failure to prove delivery of the remaining property items to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶18}     Plaintiff has failed to show a causal connection between the loss of his remaining property as specified above and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶19}     Concerning the MP3 player, defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶20}     Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶21}     However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶22}     Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio

Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent plaintiff alleges that MaCI staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶23} Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has offered sufficient proof to establish defendant is liable for the loss of two thermal tops, two thermal bottoms, and two pair of shorts.

{¶24} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶25} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶26} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶27} Evidence has established the value of plaintiff's missing property amounted to $45.40, and the court finds plaintiff has suffered damages in the total amount of $45.40.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SCOTT BRUMBAUGH

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

Case No. 2011-08067-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $45.40.  Court costs are assessed against defendant.

                        DANIEL R. BORCHERT
                        Deputy Clerk

Entry cc:

Scott Brumbaugh, #545-146           Gregory C. Trout, Chief Counsel
P.O. Box 740                         Department of Rehabilitation
London, Ohio  43140               and Correction
                                 770 West Broad Street
                                 Columbus, Ohio  43222

9/13
Filed 9/29/11
Sent to S.C. reporter 2/6/1